Silas W. ELLERD, Plaintiff-Appellant,

v.

SOUTHERN PACIFIC RAILROAD CO., First Division of the National Railroad Adjustment Board, The Brotherhood of Locomotive Firemen and Enginemen, Defendants-Appellees.

No. 11899.

United States Court of Appeals Seventh Circuit.

March 1, 1957.

James J. Doherty, Melvin B. Lewis, Arthur O'Donnell, Chicago, Ill., for plaintiff-appellant.

Alvin V. Nygren, Chicago, Ill., Burton Mason, W. A. Gregory, San Francisco, Cal., Erickson, Nygren & Hollo-

way, Chicago, Ill., for defendant-appellee, Southern Pacific Co.

Burke Williamson, Jack A. Williamson, Chicago, Ill., for defendant-appellee Brotherhood of Locomotive Firemen and Enginemen, Harold C. Heiss, Russell B. Day, Cleveland, Ohio, of counsel.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff appeals from a summary judgment for defendants entered in his suit in the district court to review and set aside an award of the First Division of the National Railroad Adjustment Board and to restore him to his employment and seniority rights with defendant carrier. He averred in his complaint that, while employed as a fireman by defendant Southern Pacific Railroad Company in 1949, he was injured and brought suit against his employer under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. to recover damages for permanent injury, resulting in a verdict and judgment in his favor for $70,000; that, in December, 1949, shortly after trial of the action, defendant agreed orally with him that if and when he recovered sufficiently to be able to return to work, he would be permitted to do so, and that, in reliance thereon, he accepted $65,000 in settlement of the judgment and, upon payment of that amount, executed a release. He alleged further that during his employment a collective bargaining agreement between the carrier and the Brotherhood of Locomotive Firemen and Enginemen, of which he was a member and which was made a defendant in the present action, governed the relationship of the carrier with its employees. In its pertinent part, the contract provided that an employee should not be discharged without a hearing, at which the parties had the right to call witnesses and to be furnished a transcript of the evidence.

In 1950, the carrier removed plaintiff's name from its employment roster. At that time the employee was physically unable to resume employment, but, as he averred, in September, 1952, he had recovered and was able to discharge his duties and thereupon reported for duty. He had been notified of his removal from the carrier's employment list shortly after that event had occurred.

A union official promised to ascertain for him the reason for his discharge but, plaintiff avers, received no authorization from him to represent him in processing any grievance. Notwithstanding this, the union presented his claim, which eventually came before the First Division of the National Railroad Adjustment Board for decision. That board appointed a referee, as provided by statute, 45 U.S.C.A. § 153($l$) who, on June 27, 1952, issued a decision, resulting eventually in an award by the board, holding that plaintiff was not entitled to be retained on the seniority list of the carrier. In that proceeding the railroad took the position that plaintiff had already been compensated by a jury's verdict for the permanent loss of his employment and was accordingly estopped from asserting any right to be retained as an employee. The carrier relied upon medical evidence introduced at the trial of the negligence action by plaintiff, to the effect that, in the opinion of the testifying physicians, plaintiff would never be able to resume work as a fireman. This defense was upheld by the board.

Plaintiff further averred that he had no knowledge of the proceedings before the Adjustment Board; that no hearing was held; that he first learned of the decision on July 10, 1952; that, on September 17, 1952, his physician pronounced him cured and able to return to work; that, on the latter date, he reported for work; that the carrier thereupon refused to permit him to resume employment and that he thereafter submitted penalty time claims, upon which no action was taken.

On June 25, 1954, plaintiff filed suit in the United States District Court in

Arizona against the carrier and the Adjustment Board, First Division, seeking reversal of the award and restoration of his seniority rights. The board moved to dismiss on the ground that it was not subject to the jurisdiction of that court, inasmuch as it was domiciled in Chicago and, therefore, could not be sued in Arizona. On November 24, 1954, plaintiff moved to dismiss the entire action. The court allowed his motion as to the Board, its secretary and its referee, but denied it insofar as the carrier was concerned, and later, entered a summary judgment in favor of the employer, from which no appeal was taken. The union was not a party to that action.

On January 4, 1956, plaintiff filed this suit in the district court in Illinois, making defendants thereto, the board, the carrier and the union, averring that he has been physically able to perform his duties at all times since October 1, 1952. He prayed that the board's award be set aside, as void for want of jurisdiction and because it was arbitrary and capricious. He further prayed restoration to his employment and lost wages.

The board filed a motion to dismiss on the ground that it was not a corporation and could not be sued as such. The union filed an answer averring that it had authority to prosecute plaintiff's grievance before the board and that the award was proper, final and conclusive. The carrier moved for summary judgment, depending upon the award of the board and the Arizona judgment. The court held the Arizona decision conclusive under the principles of *res judicata* and entered summary judgment dismissing the action as to all defendants. This appeal followed.

Plaintiff frames the contested issue thus: "Can judicial review of an N. R. A. B. award be barred by a prior judgment to which the N.R.A.B. was not a party?" He argues that the question must be answered in the negative, and that the Arizona court was without jurisdiction to determine the issue litigated. He admits that if an employee does not accept discharge by a carrier, his only alternative is to apply to the board to be reinstated in employment, with seniority unimpaired, and to recover lost wages; that, in such case, no court has original jurisdiction to adjudicate the matter; that the order of the board in this respect is final and conclusive; and that, in actions by discharged railroad employees for reinstatement, the courts are limited in judicial review of awards of the board. He contends that a material issue of fact existed in the trial court as to whether plaintiff had been deprived of his constitutional rights by the board, in view of which the court had no right to enter summary judgment.

The carrier insists that plaintiff, having invoked the jurisdiction of the United States District Court in Arizona to obtain a decision in a controversy with his employer, is bound by such decision, under the doctrine of *res judicata;* that, at any rate, the decision of the Arizona court and that of the board in making its award were correct as a matter of law; that, in view of the fact that plaintiff's union representative presented his claim to the board, who denied it on the merits, the decision of the board, being final, cannot be reviewed by any court in the absence of some constitutional question as to the validity of the award. On oral argument the union's counsel, though the union had made no motion for summary judgment, claimed the benefit of the action of the district court, but revealed doubt as to the validity of the summary judgment, in view of the fact that there was a controverted issue of fact between the union and plaintiff, the union claiming that it had the right to prosecute plaintiff's claim before the board and represent him at the hearing thereon, and plaintiff asserting that the union had no right to represent him, and that he had no notice of the hearing. This issue of fact, of course, has not been resolved, and the union seems to imply that, inasmuch as this issue raises a

question of whether plaintiff has been deprived of due process of law, the court was powerless to enter judgment without determination of the issue.

The statute itself, 45 U.S.C.A. § 153 (m) is, *inter alia*, as follows: "* * * the awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award." Under this act, in Reynolds v. Denver & Rio Grande Western R. Co., 10 Cir., 174 F.2d 673, the court held that the Act, where the order is not for a money award, clearly precludes judicial review. See also Railroad Yardmasters of North American v. Pittsburg & L. E. R. Co., D.C., 39 F.Supp. 876. The Fifth Circuit, in Estes v. Union Terminal Co., 89 F.2d 768, decided that a court can not set aside an order of the board, if all substantial rights have been fully protected. In Sigfred v. Pan American World Airways, 5 Cir., 230 F.2d 13, the court declined to review rulings of the board in the absence of any question regarding jurisdiction of the board or regularity of its proceedings. See also Switchman's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61; Sadler v. Union Railroad Co., D.C., 125 F.Supp. 912. In Pigott v. Detroit, Toledo & Irontown R. Co., 221 F.2d 736, the Sixth Circuit held that the district court was without jurisdiction to review a similar order, in view of the fact that there was no showing that the plaintiffs had been denied due process of law. In Hargis v. Wabash Railroad Co., 7 Cir., 163 F.2d 608, we had before us the question of whether the court could review an order of the National Railroad Adjustment Board. A majority was of the opinion that the court was, in the absence of constitutional defects, without jurisdiction to do so, relying upon Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886.

■ The sound conclusion to be drawn from the statute and the various decisions, seems to be that, in the absence of any question as to the regularity of proceedings before the board, for lack of notice or other defect preventing due process of law, the district court has no right to review an order of the board. If that body has jurisdiction and proceeds according to constitutional guarantees, its decision is, in the words of the statute, final.

However, there is injected into this case a serious question as to the validity of the proceeding before the board. As we have observed, plaintiff avers that the union had no right to represent him in presenting the claim purported to be made in his behalf, and that he had no personal notice of such proceedings and is not bound thereby. The union, on the other hand, asserts that it had full authority to represent plaintiff; that it did represent him in good faith, and that the proceedings before the board were regular and valid. Thus there is a contested question upon the only issue affirmative decision upon which would give the court the right to review the proceeding before the board. If plaintiff has been the victim of such a denial, he has the right to judicial review for the correction of the wrong.

In determining whether the district court had rightfully entered summary judgment in a similar situation, the Supreme Court, in Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, at page 748, 65 S.Ct. 1282, at page 1301, 89 L.Ed. 1886, disposed of the question thus: "Since upon the total situation we cannot say as a matter of law that respondents had authorized the Brotherhood to act for them * * * whether in submitting the cause or in representing them before the Board; since it is conceded also that they were not given notice of the proceedings otherwise than as the union had knowledge of them; and since further they have denied that they had knowledge of the proceedings and of the award until after it was entered, the question whether the award was effective in any manner to affect their rights must be determined in the further proceedings which are required. The crucial issue in this re-

spect, of course, will be initially whether respondents had authorized the Brotherhood in any legally sufficient manner to represent them, individually, in the Board's proceedings." So here, in the words of the Supreme Court, the crucial issue is whether plaintiff had authorized the brotherhood in any legally sufficient manner to represent him individually in the board's proceeding. Had the record here disclosed without controversy that the union had authority to represent plaintiff and did actually represent him in good faith, there would be no question of the propriety of the board's order and the court would have been fully justified in entering judgment for defendants. But, in view of the dispute, the court had no right to enter any judgment until that decisive issue had been determined.

The prior judgment of the United States District Court of Arizona was entered in a suit to which neither the union nor the board was a party. The question here presented of whether plaintiff had received due process of law was not before the court. Hence, that issue has not been adjudicated. It has been presented to the trial court in this case and can be decided only upon hearing evidence. In this situation, we can conceive of no recourse except to reverse the judgment, so that the court may determine the essential question of whether plaintiff has been deprived of a constitutional hearing in such manner as to lodge in the district court jurisdiction to review the order of the board.

It is clear from the authorities cited that, without the issue of due process in the record and in the absence of the board, the Arizona court was without jurisdiction of plaintiff's suit, which sought merely to set aside the award, and, under the circumstances existing, properly summarily dismissed the suit. All the authorities agree that in order that the doctrine of *res judicata* apply, the court whose judgment is asserted as an adjudication, must have been one of competent jurisdiction. Obviously, also, plaintiff could not, by wrongfully invoking the jurisdiction of the court to do something it was powerless to do, endow it with jurisdiction.

Equally clearly in the present case, if the court determines the issue of fact as to due process against plaintiff, it will have no right to review the board's order. The sole feature that leads us to reverse is the all decisive question of whether plaintiff has been deprived of due process of law, by action of the union. If he has, the award is subject to review. If he has not, it is final and cannot be reviewed.

The judgment is reversed and remanded for further proceeding consistent with this opinion.