**P. J. O'NEILL, Plaintiff-Appellant,**

v.

**PUBLIC LAW BOARD NO. 550, Defendant-Appellee.**

**No. 77–1339.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 5, 1977.

Decided Aug. 11, 1978.

---

William C. Peterman, Chicago, Ill., for plaintiff-appellant.

Hermon M. Wells, Philadelphia, Pa., for defendant-appellee.

Before FAIRCHILD, Chief Judge, TONE, Circuit Judge and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

Plaintiff-Appellant O'Neill had been employed as a brakeman by the Penn Central Transportation Company (Penn Central) since 1941. He was also a member in good standing of the United Transportation Union (Union), which was the duly designated and authorized representative of the plain-

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

tiff under the Railway Labor Act (Act), 45 U.S.C. § 151 *et seq.* On May 9, 1972, O'Neill was suspended from employment pending a hearing into the charge that he had been in an unfit condition and in possession of alcoholic beverages during his tour of duty. On May 15, 1972, a customary "on the property" hearing was conducted, at which time O'Neill was present and accompanied by two representatives of the Union. On the following May 29, plaintiff was notified that he had been dismissed.

After two unsuccessful appeals of his dismissal through the Penn Central's review procedures, plaintiff, through his representative, sought arbitration. Plaintiff's case was placed on the docket of defendant Public Law Board No. 550 (Board), a special adjustment board created pursuant to the second paragraph of § 3 Second of the Act, 45 U.S.C. § 153 Second. On behalf of the plaintiff the Union presented a written submission and argued the case orally before the Board. The Penn Central similarly presented its position. In an award dated October 29, 1973, the Board denied plaintiff's claim.

Plaintiff then instructed this action in the district court seeking to have the decision of the Board[1] set aside for failure to comply with the provisions of the Act. On cross motion for summary judgment, the district court entered judgment in favor of the defendant Board. We affirm.

In *United Transportation Union v. Indiana H. B. R. Co.,* 540 F.2d 861 (7th Cir. 1976), with which decision the present case was consolidated in a prior appeal, this Court held that the district courts have jurisdiction to review, at the behest of either aggrieved party, awards of public law boards created under § 3 Second of the Act. The scope of judicial review of the awards of such public law boards was established to be co-extensive with the scope of review of awards of the divisions of the National

Railway Adjustment Board under 45 U.S.C. § 153 First (q), *i. e.,* the findings and order are conclusive on the parties except that the order may be set aside where there is failure of compliance with the requirements of the Act, where the order exceeds the Board's jurisdiction, or where there is fraud or corruption of a member making the order. In addition to these statutorily created parameters of review, it has been recognized that the decisions of the National Railway Adjustment Board are reviewable if they are violative of due process. *Union Pacific R. Co. v. Price,* 360 U.S. 601, 616, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959); *Kotakis v. Elgin, J. & E. R. Co.,* 520 F.2d 570, 574 (7th Cir. 1975); *Edwards v. St. Louis-San Francisco Railroad Company,* 361 F.2d 946, 953–954 (7th Cir. 1966); *Ellerd v. Southern Pacific Railroad Co.,* 241 F.2d 541, 545 (7th Cir. 1957).

Plaintiff contends that the award of the Board is violative of his due process rights and failed to comply with the provisions of 45 U.S.C. § 153 First (j) because he was not personally given notice of any hearings before the Board, and he was not given the opportunity to appear personally before the Board.[2] Because the record demonstrates that plaintiff's representative, the United Transportation Union, received all necessary notices and represented plaintiff fully before the Board, as it was authorized to do, we find compliance with the requirements of both due process and 45 U.S.C. § 153 First (j).

■ Initially, we find no merit to the plaintiff's claim that the Union was not authorized to represent him before the Board because, after his discharge, he was no longer a member of the union and had not paid dues for the nearly two years prior to the Board's hearing in this case. It is well established that a union's duty to represent its members in disputes extends to

1. Neither the employee member nor the neutral member of Public Law Board No. 550 has appeared in this action. Appellee S. J. Wilson appeared in his capacity as carrier member of the Board and represents the interest of Penn Central in this appeal.

2. The complaint does not allege, nor does the appellant assert here that he did not know of the pendency of proceedings before the Board.

those employees who have been dismissed. *E. g., Czosek v. O'Mara,* 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Our first area of consideration is whether the provisions of 45 U.S.C. § 153 First (j) are applicable to proceedings before public law boards established under the second paragraph of 45 U.S.C. § 153 Second. 45 U.S.C. § 153 First (j) provides:

> "Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any dispute submitted to them."

█ Nothing in 45 U.S.C. § 153 Second expressly incorporates the above-quoted provision pertaining to divisions of the Adjustment Board into the provisions for public law boards. In this respect, we note that Section 153 Second suffers from the same deficiency of "inartful wording" expressed by the panel in *United Transportation Union v. Indiana H. B. to R. Co., supra,* 540 F.2d at 861. On the basis of the legislative history[3] of the 1966 Amendments to the Act, which evidences a Congressional intent that Section 153 Second incorporate the procedural requirements of Section 153 First (j), the Sixth Circuit has held that the provisions of Section 153 First (j) are applicable to proceedings before public law boards. *Cole v. Erie Lackawanna Ry. Co.,* 541 F.2d 528, 533 (1976), *cert. denied,* 433 U.S. 914, 97 S.Ct. 2987, 53 L.Ed.2d 1100 (1977). The majority of the *Cole* Court also held that even in the situation where an individual employee has authorized a union to represent him in proceedings before a public law board, actual notice of the proceedings must be given to the individual employee.[4] *Id.,* at 534. While we agree with the Sixth Circuit's reasoning and conclusion that the provisions of Section 153 First (j) are applicable to proceedings before public law boards, we hold in contrast to the Sixth Circuit that where an individual employee authorizes his union to represent him before such boards and to receive any notices on his behalf, Section 153 First (j) does not require that actual notice be given to the individual employee.[5]

In the instant case, notice was served upon, and plaintiff was represented by the United Transportation Union. Under the terms of the Union's constitution:

> "Every member of the United Transportation Union grants complete authority to the United Transportation Union and any of its constituted representatives to act in said member's behalf for the purpose of disposing, in any manner, of any and all of said member's claims, complaints or grievances against their employer; and to submit such claims, complaints, or grievances for determination to any person, board, or other tribunal provided by law or otherwise as may be deemed to be necessary. The United Transportation Union shall have authority to receive notice of the hearings, or to waive hearing, and to appear for, represent, and act for its members before any person, board, or other tribunal in connection with consideration and determination of claims, complaints, or grievances, subject to the right of appeal in accordance with the provisions of this Constitution, except where the member involved serves reasonable written notice on the United Transportation Union to the contrary."

---

**3.** See 1966 U.S.Code Cong. and Admin.News, p. 2285 *et seq.*

**4.** Although the Sixth Circuit stated that it agreed with a line of Seventh Circuit decisions, we think those decisions do not go so far as to require that the employee receive actual notice of the hearing.

**5.** This opinion has been circulated among all judges of this court in regular active service. No judge favored a rehearing *en banc* on the conflict between the holding of this case and the holding of the Sixth Circuit in *Cole v. Erie Lackawanna Ry. Co., supra.*

Plaintiff did not serve written notice on the Union that he did not want the Union to represent him.

In *Elgin J. & E. R. Co. v. Burley,* 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (*Burley I*) (1945), adhered to on rehearing, *Elgin, J. & E. R. Co. v. Burley,* 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928 (*Burley II*) (1946), the Supreme Court was concerned with the question of the sufficiency of a collective bargaining representative's authority to represent individual employees as claimants before the National Railroad Adjustment Board. *Burley I* noted that the employee's rights under Section 153 First (j) are statutorily created rights which "he may exercise independently or authorize the union to exercise in his behalf." 325 U.S. at 740 n. 39, 65 S.Ct. at 1298. Although the Court in *Burley II* refrained from making a definitive statement of what might be sufficient evidence of a union's authority to represent an employee exclusively before the National Railroad Adjustment Board, the Court did indicate that "custom and usage" as well as "appropriate provisions in [a union's] by-laws, constitution or other governing regulations" might serve as an adequate basis for such authority. 327 U.S. at 663–664 and n. 2, 66 S.Ct. at 722.[6] We have also indicated that an employee may so authorize a union to represent him in proceedings before the National Railroad Adjustment Board that any notice received by the union on the employee's behalf is sufficient to fulfill the requirements of Section 153 First (j). See *Kotakis v. Elgin, J. & E. R. Co., supra,* 520 F.2d at 576; see also *Ellerd v. Southern Pacific RR Co., supra,* 241 F.2d 541, on remand, 191 F.Supp. 716 (N.D.Ill. 1961); cf. *Simberlund v. Long Island Rail Road Co.,* 421 F.2d 1219, 1225 (2nd Cir. 1970).

The record in this case shows that the Union initiated proceedings[7] before the Board following unsuccessful appeals within the Penn Central. The Union filed a submission and argued orally before the Board on plaintiff's behalf.[8] We find that by virtue of his membership in the Union, plaintiff authorized that organization to represent him in his disciplinary and review proceedings, and to receive any necessary notices on his behalf within the meaning of *Burley II.* As such, we find compliance with due process and sufficient satisfaction of the requirements of 45 U.S.C. § 153 First (j).

Accordingly, for the reasons stated herein, the judgment of the district court is affirmed.

AFFIRMED.

---

**6.** After the decision in *Burley II,* labor organizations apparently secured amendments to their constitutions providing for the consent of all members to a union's prosecution of grievances on behalf of its members. See *Employees v. Westinghouse Corp.,* 348 U.S. 437, 458, 75 S.Ct. 488, 99 L.Ed. 510 (1955) (Opinion of Justice Frankfurter).

**7.** Under the terms of § 3 Second of the Act, an individual employee has no right to bring a matter before a special adjustment board. Only a rail carrier or "the representative of any craft or class of employees" are authorized by the statute to bring a matter before a special adjustment board. See *Brotherhood of Locomotive Engineers v. Denver & R. G. W. R. Co.,* 411 F.2d 1115, 1118 (10th Cir. 1969). Further, where an employee chooses not to be represented by his union, a rail carrier cannot submit a dispute involving the employee to a special adjustment board. *Chicago, R. I. & P. R. Co. v. National Mediation Board,* 435 F.2d 339 (7th Cir. 1970).

**8.** Although § 3 Second indicates that the members of special adjustment boards are to "determine all matters not previously agreed on by the carrier and the representative of the employees with respect to the establishment and jurisdiction of the board," neither the statute nor the regulations promulgated thereunder (29 C.F.R. § 1207.1 *et seq.*) indicate the type of proceeding to be conducted by special adjustment boards. Counsel have advised us that in disciplinary matters such as this case, the board generally reviews the record made "on the property" of the carrier and the submissions of the parties. Generally, no new evidence is presented before public law boards.