**Ricky I. MEEKS, Plaintiff-Appellant,**

v.

**ILLINOIS CENTRAL GULF RAILROAD, Defendant-Appellee.**

No. 83–5421.

United States Court of Appeals, Sixth Circuit.

Argued May 10, 1984.

Decided July 9, 1984.

Christopher M. Hill (argued), Pamela Johnson, Frankfort, Ky., for plaintiff-appellant.

Henry Whitlow, Whitlow, Roberts, Houston & Russell, Mark Whitlow (argued), Paducah, Ky., for defendant-appellee.

Before EDWARDS, CONTIE and WELL-FORD, Circuit Judges.

CONTIE, Circuit Judge.

Plaintiff Ricky I. Meeks appeals an order of the district court granting summary judgment in favor of defendant Illinois Central Gulf Railroad in this action for review of an order of the National Railroad Adjustment Board. We have jurisdiction under 45 U.S.C. § 153 First (q) and 28 U.S.C. § 1291. We reverse.

## I.

On December 19, 1975, Meeks was discharged from his job as a pipefitter with Illinois Central for insubordination. Meeks and his union, the Sheet Metal Workers' International Association, challenged the propriety of this discharge. Meeks' claim was eventually submitted to the National Railroad Adjustment Board. The Board's Second Division, in Award No. 7437, Docket No. 7329, determined that Meeks was entitled to reinstatement and restoration of seniority rights. The Board refused, however, to award Meeks any backpay. It is this award that Meeks now seeks to overturn.[1]

## II.

Meeks attacks the Board's award in two ways. First, he argues that he received no notice of the Board's hearing. Second, he argues that under the terms of the relevant collective bargaining agreement, the Board was required to award him backpay if it found him to be entitled to reinstatement. Since we find for Meeks on the notice issue, we do not reach his argument regarding backpay.

In considering the notice issue, the district court noted a split of authority between the Sixth Circuit and the Seventh Circuit on what type of notice must be given to an individual employee. *Compare O'Neill v. Public Law Board No. 550*, 581 F.2d 692 (7th Cir.1978) *with Cole v. Erie*

*Lackawanna Railway*, 541 F.2d 528 (6th Cir.1976), *cert. denied*, 433 U.S. 914, 97 S.Ct. 2987, 53 L.Ed.2d 1100 (1977). To ascertain what type of notice Meeks had, in fact, received, the district court remanded Meeks' case to the Board. The district court's order stated that the case was remanded "to the National Railroad Adjustment Board to determine whether the plaintiff received notice of the hearing as required by law."

The Board's response to this order indicated that Meeks' union, but not Meeks personally, received formal notice of the hearing. Specifically, the Board stated that "the parties, i.e. the Illinois Central Gulf Railroad Company and the Sheet Metal Workers' International Association" had been given notice. The Board concluded by stating:

> The method of notification of hearing and the subsequent scheduling of same was in accordance with the procedures of the Second Division of the National Railroad Adjustment Board as provided for in the Railway Labor Act, as amended. The Second Division respectfully submits that proper notice of hearing before the Referee was given to the respective parties, and, thus, no further action by this Division is deemed necessary. It might be noted that the Second Division of the National Railroad Adjustment Board is located in Chicago, Illinois, and is, therefore, arguably governed by the pronouncements of the 7th Circuit Court, in particular the decision in *O'Neill v. Public Law Board No. 550*, 581 F.2d 692 (7th Cir.1978).

In granting Illinois Central's motion for summary judgment, the district court correctly noted the narrow standard of review which governs judicial review of awards of the National Railroad Adjustment Board. The Railway Labor Act limits judicial review to situations involving the,

---

**1.** A second proceeding before the Board, involving Illinois Central's compliance with the rein-

statement order, is not involved in this appeal.

[f]ailure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by member of the division making the order.

45 U.S.C. § 153 First (q). The district court then stated that the "plaintiff's claim for relief is not supported under any of these specific grounds."

### III.

The Railway Labor Act provides:

Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any disputes submitted to them.

45 U.S.C. § 153 First (j).

In *Cole v. Erie Lackawanna Railway*, 541 F.2d 528 (6th Cir.1976), *cert. denied*, 433 U.S. 914, 97 S.Ct. 2987, 53 L.Ed.2d 1100 (1977), this court held that the "due notice" requirement of § 153 First (j) is satisfied if an employee is given formal notice of the proceedings or if the employee has authorized his union to process his grievance and he also has actual notice of the proceedings.[2] *See id.* at 534. The Seventh Circuit, however, has disagreed with this circuit's construction of § 153 First (j). In *O'Neill v. Public Law Board No. 550*, 581 F.2d 692 (7th Cir.1978), the Seventh Circuit held that when an employee authorizes his union to process his grievance it is unnecessary that the employee have even actual notice of the proceedings.

■ Illinois Central neither disputes Meeks' assertion that he did not receive formal notice, nor contends that he had actual notice of the proceedings and had

authorized his union to process his claim. Rather, Illinois Central simply argues that we should apply *O'Neill* instead of *Cole*. It attempts to justify this divergence from Sixth Circuit precedent on the basis of our standard of review. It argues that because the Board considered the notice issue on remand and determined that proper notice had been given in this case, we are foreclosed from considering the notice issue. This argument, however, overlooks the plain language of § 153 First (q). One of the three grounds for setting aside a Board order is the "failure of the division to comply with the requirements" of the Act. *See* 45 U.S.C. § 153 First (q). The holding in *Cole* bore directly on one of these "requirements," the notice provision contained in 45 U.S.C. § 153 First (j). To adopt Illinois Central's position would result in the complete abdication of judicial review, contrary to Congress' intent. The standard of review prescribed in the Railway Labor Act is admittedly extremely narrow. *See Union Pacific Railroad v. Sheehan*, 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978) (per curiam). It is clear that Congress intended that the Board's orders should be, for the most part, free from judicial review. It is equally clear, however, that Congress intended that courts should provide some review of the Board's orders, and, in particular, that the courts should review these orders to assure that the Board has not failed to comply with the positive requirements of the Act. Thus, even though the Board has passed on the notice issue, we are not precluded by § 153 First (q) from determining whether proper notice was given. The district court erred in holding that it lacked authority to review the propriety of the Board's notice in this case.

■ Nor are we persuaded by the Board's suggestion that because the

---

**2.** *Cole* explained what type of knowledge of the Board proceedings is necessary to meet the "actual notice" standard.

Actual notice for this purpose is notice of the hearing for a sufficient period prior thereto to permit the employee to consult with union officials and relay such information as

he possesses which might allow the union to more effectively present his claim.

*See* 541 F.2d at 534. The term "actual notice" refers, of course, to the employee's knowledge of the proceedings obtained through informal means.

Board's Second Division sits in Chicago, Illinois the Seventh Circuit's law as expressed in *O'Neill* governs this case. This type of argument, that a court should apply some body of law other than its own because of the location of persons, entities or events, is, in essence, a choice of law argument. There are, however, no choice of law rules for intercircuit conflicts. There is, instead, the familiar rule that a panel of this court may not overrule a previous panel's decision. Only on en banc court may overrule a circuit precedent, absent an intervening Supreme Court decision. *See Timmreck v. United States,* 577 F.2d 372, 376 n. 15 (6th Cir.1978), *rev'd on other grounds,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

■ The relative merits of *Cole* and *O'Neill* are not open to debate in this case. We are bound to apply *Cole.* It is "well established that an award made by the Board in the absence of due notice to the involved parties is void." *Allain v. Tummon,* 212 F.2d 32, 35 (7th Cir.1954). *See also Order of Railroad Telegraphers v. New Orleans, Texas & Mexico Railway,* 229 F.2d 59 (8th Cir.), *cert. denied,* 350 U.S. 997, 76 S.Ct. 548, 100 L.Ed. 861 (1956); *Kirby v. Pennsylvania R. Co.,* 188 F.2d 793, 799 (3d Cir.1951). Since the notice given in this case was insufficient under the standards of *Cole,* the Board's award of reinstatement and restoration of seniority rights without backpay is without legal effect.

The judgment of the district court is REVERSED. The case is REMANDED to the district court with instructions that Award No. 7437, Docket No. 7329 of the Second Division of the National Railroad Adjustment Board be set aside.