**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2799
_____

FRANKLIN YOUNG,
                          Appellant
v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY;
SOCIAL SECURITY ADMINISTRATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-09-cv-05635)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2013
Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: March 26, 2013)
_____

OPINION
_____

PER CURIAM

Franklin Young appeals pro se from an order of the District Court affirming the
administrative denial of his application for disability insurance benefits under the Social
Security Act.  We will affirm.

**I**

Young applied for disability insurance benefits in 2007 on the basis of a back injury that occurred in 2001. He was employed by the same company for about twenty-five years as an industrial repairman, but he stopped working in early 2002 when his employer would not accommodate the restriction on heavy lifting recommended by his doctors. Young was fifty years old on the date he claimed for the onset of the disability.

At a hearing before an administrative law judge ("ALJ"), Young testified that he suffers from persistent back pain that limits him to standing for one hour or sitting for two hours. He stated that the level of pain fluctuates, but his ability to sit, stand, and walk has improved, and he manages his pain with nonprescription medication. Young testified that he lives by himself, takes care of his own needs and some chores without assistance, and can lift up to twenty pounds. He provided medical records from 2001 to 2004 that chronicled degenerative changes in his spine, a small disc herniation, and persistent pain. His physicians placed restrictions on workplace activities – such as lifting no more than twenty pounds and standing or walking no more than one hour at a time – but he was otherwise approved to return to work full time.

Young provided no treatment records for the period during which he needed to establish his disability, October 14 through December 31, 2007. However, he was examined in 2007 by Dr. Linda Blose in connection with his application for benefits. Young told her that he had no pain on good days, but that any lifting or prolonged walking caused intense, long-lasting pain. Examination revealed no tenderness over the spine and "surprisingly intact" range of motion. Dr. Blose opined that Young was

capable of lifting twenty pounds frequently and twenty-five pounds occasionally, and standing or walking one to two hours in an eight-hour day. She further opined that Young had a limited ability to push and pull, but no limitations regarding sitting.

Thereafter, Dr. Sharon Wander reviewed Young's records and completed a residual functional capacity assessment ("RFC"). Dr. Wander found an impairment from back pain, but she disagreed with the limitations found by Dr. Blose. Dr. Wander opined that Young was capable of lifting twenty-five pounds frequently and fifty pounds occasionally, as well as standing, walking, or sitting six hours in an eight-hour day with normal breaks. She further opined that Young had no limitations regarding pushing or pulling and no postural, visual, communicative, or environmental limitations. She explained that she disagreed with Dr. Blose's findings because they overestimated the severity of Young's limitations and appeared to rely too much on his subjective complaints, which Dr. Wander found only "partially credible."

The ALJ found that Young has a back disorder that is a severe impairment, but not one leading to an automatic determination of disability. The ALJ then considered the impact of Young's back disorder on his ability to perform work, finding that he has the capacity to perform a narrow range of light work.[1] Specifically, the ALJ found that Young is limited to (1) standing or walking no more than two hours, and sitting no more than six hours, in an eight-hour day; (2) lifting no more than ten pounds frequently and twenty pounds occasionally; and (3) bending, stooping, kneeling, and crouching only

---

[1] Light work involves lifting no more than twenty pounds at a time, frequent lifting or

occasionally.  Young requires a job that will allow him to sit or stand at will and that does not require him to crawl or raise his arms above his shoulders.  The ALJ found that Young was unable perform his past job of industrial repairman because it requires the full range of heavy work.  Based on the testimony of a vocational expert who considered Young's limitations, the ALJ found that Young could perform certain work which exists in significant numbers, including toll collector, small products assembler, and survey worker.  Accordingly, the ALJ found that Young is not disabled.

Young appealed.  The Appeals Council of the Social Security Administration declined further review, making the ALJ's decision the final agency decision.  Young then sought judicial review.  The District Court affirmed, and this appeal followed.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review is deferential and is limited to determining whether the ALJ's decision is supported by substantial evidence.  See, e.g., Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).

To establish disability under the Social Security Act, a claimant must show that there is a "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987).  A claimant is unable to engage in

carrying of ten pounds, and much walking or standing.  20 C.F.R. § 404.1567(b).

any substantial gainful activity "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Plummer v. Apfel, 186 F.3d 422, 427-28 (3d Cir. 1999). To determine whether a claimant is disabled, the Social Security Administration considers five factors in sequence. See 20 C.F.R. § 404.1520. At issue in this appeal are the ALJ's determinations at the last steps of the sequence: (1) that Young has the RFC to perform a narrow range of light work, and (2) that there is work within that range which exists in significant numbers.

The term "RFC" means what a claimant can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence from the record, including statements from medical sources and a claimant's own description of limitations. 20 C.F.R. § 404.1545(a)(3). The ALJ determined that Young has the RFC to perform a narrow range of light work, and we agree with the District Court that the determination is supported by substantial evidence. It is consistent with Dr. Blose's assessment that Young can perform a limited range of light work. It is also consistent with Young's testimony that he does some chores, leaves his house every day, drives for up to an hour at a time, takes no prescribed medications, and is able to go fishing and to venues such as the mall, the movies, the library, and the park on a regular basis.

Young's unsupported assertion that the ALJ's decision was based on false information does not undermine the RFC determination.[2] His contention that the ALJ disregarded the lifting restriction recommended by his physician, Dr. Kimmel, also lacks merit. The record reflects that the last time Dr. Kimmel recommended a lifting restriction was in December 2004, when she noted that Young could return to full time work, but could lift no more than twenty pounds. Tr. at 405. The ALJ cited this evidence in his decision, Tr. at 23, and his determination that Young can lift ten pounds frequently and twenty pounds occasionally is consistent with it.

The ALJ's determination that work which Young could perform exists in significant numbers is also supported by substantial evidence. The ALJ asked a vocational expert whether there was any work that an individual with Young's limitations, age, experience, and work history could perform. The expert then testified that such a person could work as a toll collector, survey worker, or small products assembler, and that there were about 100 such jobs locally and 20,000 nationally. The ALJ relied on this testimony to determine that Young is not disabled. The ALJ posed an accurate hypothetical to the expert, as he was required to do, see Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 205 (3d Cir. 2008), and he was entitled to use the expert's testimony in making his determination. See 20 C.F.R. § 404.1566(e). As for whether 100 jobs locally and 20,000 jobs nationally constitutes "work which exists in significant

---

[2] We note that there were no allegations of false evidence before the ALJ or the District Court. Furthermore, Young's attorney stated on the record that she had no objections to the exhibits before the ALJ. Administrative Transcript ("Tr.") at 31.

numbers," 42 U.S.C. § 423(d)(2)(A), the District Court correctly noted that there is no precise estimate for what constitutes "significant numbers" of jobs under the Social Security Act. See 20 C.F.R. § 404.1566. However, the testimony from the vocational expert that 20,000 jobs were available in the national economy is sufficient to support a finding that work exists in significant numbers. See, e.g., Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997) (holding that vocational expert testimony that there were 10,000 jobs nationally was sufficient to show a significant number).

Young raises the fact that he has no prior experience as a toll collector, survey worker, or small products assembler. But his lack of experience does not preclude a determination that he can perform such work. The ALJ asked the vocational expert to consider Young's past work experience. Tr. at 47. The expert noted that there were no skills from Young's prior work experience that were transferrable to light work. Tr. at 46. The positions the expert identified, however, are unskilled types of work, Tr. at 46-47, so Young's lack of experience has no relevance to the determination that he can perform such work. Finally, Young brings to our attention the fact that the District Court mistakenly stated that he attended college. This misstatement does not undermine the administrative determination in this case because the ALJ found that Young had "at least a high school education." Tr. at 24.

For these reasons, and in light of our overall examination of the record, we will affirm the judgment of the District Court.