Samuel HAYNES, SS # 431–78–5306, Plaintiff–Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant–Appellee.

No. 93–2800.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1994.

Decided June 8, 1994.

Anthony William Bartels, Jonesboro, AR, for appellant.

Martin W. Long, Dallas, TX (Richard M. Pence, Jr., Gayla Fuller and Marin W. Long, on the brief), for appellee.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

HANSEN, Circuit Judge.

Samuel Haynes sought social security disability insurance benefits in 1990, alleging a disability since September of 1988 due to frequent blackout spells, high blood pressure, and swelling of his right knee. The Department of Health and Human Services denied his application for benefits, and Haynes requested a hearing before an Administrative Law Judge (ALJ). The ALJ determined that Haynes was not disabled but could return to his past relevant work as a security guard. The decision of the ALJ became final agency action upon the Appeals Council's refusal to grant review. Haynes sought judicial review in federal district court. The district court[1] granted the Secretary's motion for summary judgment, finding that the ALJ's decision was supported by substantial evidence on the record as a whole. Haynes appeals the district court's order of summary judgment, and we affirm.

## I.

At the time of the administrative hearing, Haynes was a 51–year–old man with a high school education. He testified that for a number of years he had been a construction worker on high-rise buildings in California. He also had worked as a security guard, which required him to operate an automobile. Haynes has not worked since 1988, allegedly due to blackouts that prevented him from working on high buildings or operating automobiles. Haynes moved to Arkansas in 1990 to be near his sick father.

The medical evidence shows that Haynes reported a history of blackouts or fainting that started in 1976. He first saw a doctor about the condition in 1980. The blackouts apparently occur when Haynes coughs or

---

1. The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Ar- kansas, trying the case by consent of the parties.

sneezes. During these episodes, he loses his ability to move and falls down. The episodes last about four or five minutes. At the administrative hearing, Haynes testified that these total blackouts do not occur often anymore because he has learned to detect early signs of an episode, and he can control it by getting off his feet and sitting down before it strikes. (R. at 51). Haynes has been evaluated by several doctors, none of whom have been able to diagnose a cause of the blackout episodes he reports, and the episodes have never occurred during an examination. Physical examinations, including a CT scan of the brain, EEGs, a neurological examination, and chest x-rays, were performed and demonstrated normal results. Dr. Anthony Segal, a neurological specialist, stated that this type of cough syncope spell (referring to the blackouts) is rare and usually does not occur with the frequency or duration alleged by Haynes. (R. at 254.)

Haynes has mild hypertension controlled by medication. He also has a history of bursitis in his left knee. The bursitis responds well to conservative treatment of heat application, decreased activity, and a mild anti-inflammatory. Haynes takes no prescription pain medication. Although Haynes testified that he is restricted in his ability to walk or stand for prolonged periods, he previously reported that he goes for long walks each day. Haynes testified that his activities include caring for livestock, assisting in caring for his father, which requires him to drive an automobile, doing yard work, preparing meals, doing his own housework, laundry, and shopping, attending church, and driving a car. He takes no prescription pain medication.

A vocational expert testified that Haynes' past work as a security guard was light in nature. The ALJ posed a hypothetical question outlining Haynes' conditions to the vocational expert, including the knee condition, the blackouts, and Haynes' relevant functional restrictions related to these impairments. The expert responded that an individual with these impairments could perform Haynes' past relevant work as a security guard as long as it did not require him to drive an automobile. (R. at 57–58.)

The ALJ followed the five-step sequential evaluation process required by the Social Security Act. See 20 C.F.R. § 404.1520. The ALJ found (1) that Haynes had not been engaged in substantial gainful activity since September 7, 1988; (2) that Haynes suffers from severe impairments including syncope, mild diabetes mellitus (noninsulin dependent), controlled hypertension and chondromalacia of the patella (the knee condition) that limit his capacity to perform certain work-related activities; (3) that the medical evidence does not show that Haynes' impairments meet or equal in severity a listed impairment; and (4) that Haynes' complaints of disabling pain were not credible to the extent alleged and that he therefore retains the residual functional capacity to return to his past relevant employment as a security guard. Thus, concluding at step four that Haynes is not disabled, the ALJ denied benefits.

The district court found that the ALJ's decision was supported by substantial evidence on the whole record and granted the Secretary's motion for summary judgment. Haynes appeals.

## II.

■ Our review of the denial of social security benefits is limited to determining whether substantial evidence in the record supports the Secretary's decision. *Onstead v. Sullivan*, 962 F.2d 803, 804 (8th Cir.1992).

■ First, Haynes contends that the Secretary's decision is not supported by substantial evidence because the ALJ improperly discredited his complaints of disabling pain. An ALJ must consider a claimant's subjective complaints of pain in accordance with *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted). The ALJ "must give full consideration to all of the evidence presented relating to subjective complaints" and is not free to discredit those complaints unless they are inconsistent with the evidence on the whole record. *Id.* at 1322. A lack of strong pain medication is inconsistent with subjective complaints of disabling pain. *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir.1992). Medical evi-

dence and daily activities that are inconsistent with complaints of disabling pain also provide a basis for discounting subjective complaints. *See Smith v. Shalala,* 987 F.2d 1371, 1374 (8th Cir.1993).

In this case, the ALJ fully evaluated Haynes' subjective complaints under the factors listed in *Polaski.* The ALJ found that Haynes has a good work history but that his daily activities, the medical evidence of record, and his lack of prescription pain medication do not support allegations of disabling pain to the extent alleged.

We find substantial evidence on the whole record to support the ALJ's decision to discredit Haynes' subjective complaints of pain. Haynes takes no prescription pain medication and his impairments, except for the blackouts which he reportedly can control himself, are controlled by mild medication and conservative treatment. Haynes testified that his activities include, among other things, walking, caring for livestock, doing laundry, cooking, and shopping. He also testified that he is capable of lifting up to 50 pounds and has no problem sitting. These functional capabilities and activities are inconsistent with Haynes' complaints of disabling pain.

■ Second, Haynes contends that the Secretary's decision is not supported by substantial evidence on the whole record because he alleges that, contrary to the ALJ's findings, he is not capable of performing his past relevant work as a security guard. Haynes also complains that the ALJ did not set forth all of his impairments in the hypothetical question posed to the vocational expert and that the ALJ should have used the Medical–Vocational Guidelines to direct a conclusion of disabled.

■ We find no merit in these allegations. A hypothetical question need only include those impairments that the ALJ accepts as true. *Rappoport v. Sullivan,* 942 F.2d 1320, 1323 (8th Cir.1991). The ALJ's hypothetical question included Haynes' past work experience, medium exertional restrictions of lifting 50 pounds occasionally and 25 pounds frequently, a limitation of standing or walking up to two hours in an eight hour working day, working mostly in a seated position due to his knee impairment, and the blackouts which render him incapable of working around heights or moving machinery. (R. at 57–58.) Haynes contends that the hypothetical question should have also made reference to headaches, postural dizziness, left ear hearing deficit, chest pain, a history of chronic obstructive pulmonary disease, and peripheral neuropathy. There is no medical evidence that these conditions impose any restrictions on Haynes' functional capabilities. After reviewing the whole record, we conclude that the ALJ included in the hypothetical question the impairments and functional restrictions that are supported by the record.

The vocational expert found that a person with the impairments included in the hypothetical question would be capable of returning to a job as a security guard as long as the person was not required to drive an automobile. The ALJ therefore concluded that Haynes was capable of returning to his past relevant work and correctly found at step four that Haynes was not disabled. The Medical–Vocational Guidelines are inapplicable because they apply only at step five of the evaluation. *See Martin v. Sullivan,* 901 F.2d 650, 653 (8th Cir.1990).

### III.

After carefully reviewing the record, we conclude that the Secretary's decision to deny benefits is supported by substantial evidence on the record as a whole. Accordingly, we affirm the district court's grant of summary judgment in favor of the Secretary.