46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Benjamin Tyler SLOCUM, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.
 No. 94-2652.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 6, 1995.
Filed: February 13, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Benjamin Tyler Slocum appeals from the final order entered in the district court[1] affirming the decision of the Secretary of Health and Human Services to deny Slocum's application for disability insurance benefits (DIB) and supplemental security income (SSI). For the reasons set forth below, we affirm.
 
 
 2
 Slocum, who was born February 20, 1940, and worked as a self- employed farmer for twenty years, filed an application for DIB and SSI, alleging disability since December 31, 1983, due to a hiatal hernia, a bad right leg, chest and shoulder pain, leg cramps, and numbness in his foot. His insured status for DIB expired on December 31, 1998. Slocum's application was denied initially and on reconsideration.
 
 
 3
 In October 1991, a hearing was held before an Administrative Law Judge (ALJ), at which Slocum testified that as a result of a 1959 automobile accident, he has experienced increased discomfort in his right leg and knee. He also testified that for years he has suffered from abdominal pain and discomfort due to a sliding hiatal hernia that was not diagnosed until 1990, that he has neck and back pain, and that he has hearing difficulties. He stated that the only medication he takes to relieve his discomfort is Mylanta and Tylenol. Because of his condition, Slocum alleged he suffered from severe exertional impairments which limited his functional capacity; he also alleged he suffered from a mental impairment. A Vocational expert (VE) also testified at the administrative hearing and stated that, while Slocum was unskilled and did not have any transferable skills, he nevertheless could perform hundreds of light or sedentary jobs that exist within the local national economy.
 
 
 4
 After analyzing Slocum's subjective complaints of pain under the criteria set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), the ALJ found Slocum's subjective complaints of disabling pain not credible. The ALJ determined that, while Slocum could not return to his past relevant work, he retained the capacity to perform a full range of light work. Thus, the ALJ concluded that Slocum was not disabled and denied him benefits. The Appeals Counsel denied further review, and Slocum sought judicial review. The district court concluded there was substantial evidence to support the Secretary's decision and granted the Secretary's motion for summary judgment.
 
 
 5
 This court's task is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record as a whole. See Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992). On appeal, Slocum argues that the ALJ improperly discounted his subjective complaints of pain. To determine whether the ALJ properly applied the Polaski factors, this court must consider whether the ALJ took into account all the relevant evidence, and whether the claimant's own testimony contradicted the evidence in the record so that the ALJ could discount the testimony for lack of credibility. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). After a careful review of the record, we conclude the ALJ considered all the relevant evidence and properly discredited Slocum's testimony regarding his subjective complaints of pain. See House v. Shalala, 34 F.3d 691, 694 (8th Cir. 1994) (pain controlled by Tylenol, minimal medical treatment, and ability to perform variety of daily activities inconsistent with complaints of disabling pain); Robinson v. Sullivan, 956 F.2d 836, 839-40 (8th Cir. 1992) (ALJ may discount claimant's subjective complaints of pain if inconsistent with record).
 
 
 6
 Slocum also argues that the ALJ failed to properly consider his alleged mental impairment. The record, however, does not contain evidence that Slocum has suffered from a mental impairment that would meet the criteria for an affective disorder. See Loving v. Department Health & Human Servs., 16 F.3d 967, 971 (8th Cir. 1994) (one-time non-treating psychologist's evaluation given little weight). We also conclude that the hypothetical question the ALJ posed to the VE was proper because it set forth all the limitations which the ALJ accepted as true and were supported by the record. See Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994); Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir. 1991).
 
 
 7
 In light of our conclusions, the denial of Slocum's claim for DIB was proper because the record is devoid of evidence that he suffered from a mental impairment prior to the expiration of his insured status and, substantial evidence shows he did not have any exertional limitations which would preclude him from performing light work. Finally, the record contains substantial evidence to support the finding that Slocum did not suffer from a combination of impairments that would entitle him to SSI.
 
 
 8
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendation of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas