No. 95-2835

Judy K. Clark,                          *
                                        *
        Appellant,                      *
                                        *   Appeal from the United States
    v.                                  *   District Court for the Eastern
                                        *   District of Arkansas.
Shirley S. Chater,                      *
Commissioner of Social Security,*
                                        *
        Appellee.                       *

Submitted:   January 11, 1996

Filed:   February 1, 1996

Before WOLLMAN, ROSS, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge.

    Judy K. Clark appeals from a judgment in favor of Shirley S. Chater, Commissioner of Social Security, denying her claim for social security disability benefits.  Clark filed for disability benefits on July 15, 1991, claiming that she had been unable to work after September 6, 1990 due to carpal tunnel syndrome, a cyst on her left hand, and repetitive stress syndrome.  The Administrative Law Judge (ALJ) denied her claim, and the Appeals Council denied review.  Both sides moved for summary judgment in the district court,[1] and the motion of the Secretary was granted.

_____

    [1]The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, presiding.

At the administrative hearing, Clark, three witnesses, and a vocational expert testified. Clark was 47 years old at the time and has a ninth grade education. Her previous jobs were as a factory packer, tester, sewing machine operator, and assembler. She testified that she prepares her own meals, washes dishes, shops for groceries, drives a few times each week, takes care of her 20-month old son, walks four miles a day, dusts and vacuums, makes the beds, attends church occasionally, watches television, and does not need help bathing or dressing. She complained of shoulder and neck pain, and a loss of strength in her hands, but could cut food and write letters. She admitted that she has no concentration or memory problems, and that she can sit, stand, and walk without difficulty. Two of Clark's friends and her sister provided corroborating testimony. Dr. Dan Thompson, a vocational expert, testified that someone of Clark's age, education, work experience, and physical limitations could perform the jobs of interviewer, receptionist, information clerk, and order clerk.

Clark injured her right wrist in August 1990. An EMG and nerve conduction study in October 1990 indicated carpal tunnel syndrome. Carpal tunnel releases on both hands gradually improved Clark's condition; by mid-February 1991, Clark performed range of motion and strength activities with minimal difficulty and no reports of pain. In early May 1991, Clark complained of neck and shoulder pain after having planted tomatoes in her yard. In late May 1991, Dr. John Ball removed a ganglion cyst from Clark's left wrist. In September 1991, Dr. Ball stated that Clark was prone to fibromyositis in her shoulders due to over use and tissue irritation, that her hands and shoulders constituted a thirteen percent permanent physical impairment to the person, but that she was medically stable and could return to work as of October 7, 1991. In April 1992, Clark was placed in a short-leg walking cast after incurring a fracture.

Based on this testimony and medical evidence, the ALJ found

2

that Clark had a medically determinable impairment of her wrist and shoulders, but that it failed to meet or equal the disability criteria required under the Social Security Act. The ALJ noted that Clark probably suffered from some pain, but that her complaints of disabling pain were not credible to the extent that they conflicted with the objective medical evidence and her daily living activities. He concluded that Clark could not perform her past work as a sewing machine operator, assembler, tester, or packer. Since Clark had the residual functional capacity for the full range of light work reduced by limited pushing and pulling, however, the ALJ concluded that she could work as an interviewer, receptionist, or clerk.

After the Appeals Council denied review, Clark filed this action. Finding substantial evidence to support the ALJ's finding, the district court affirmed the Secretary's decision to deny benefits and dismissed Clark's complaint.

Our review is limited to determining whether there is substantial evidence based on the entire record to support the ALJ's factual findings, and whether his decision was based on legal error. Keller v. Shalala, 26 F.3d 856, 858 (8th Cir. 1994). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Reed v. Sullivan, 988 F.2d 812, 814 (8th Cir. 1993) (quotation omitted). The fact that two inconsistent conclusions may be drawn does not prevent an administrative agency's findings from being supported by substantial evidence. Baker v. Secretary of Health and Human Services, 955 F.2d 552, 554 (8th Cir. 1992).

Clark concedes that the ALJ could reasonably conclude from the medical evidence that her physical impairments do not significantly limit her ability to perform the physical and mental functions set forth in the regulations. She argues, however, that her pain is disabling and that the ALJ failed to determine explicitly why her

3

complaints of pain were not credible. She also claims that the ALJ improperly used the Medical-Vocational Guidelines to determine that she was not disabled.

Disability is defined in the social security regulations as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905 (1995). An ALJ must weigh the credibility of the claimant's subjective complaints of pain in terms of the claimant's daily activities, the amount and frequency of pain, aggravating and precipitating factors, effectiveness of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir. 1984). Complaints that are inconsistent with the evidence as a whole, including medical reports and daily activities, may be discredited by the ALJ. Haynes v. Shalala, 26 F.3d 812, 814-15 (8th Cir. 1994).

Here, the ALJ found that the objective medical evidence and Clark's own testimony regarding her daily activities contradicted her complaints of disabling pain. Clark claimed that she constantly aches in her hands, arms, and shoulders, that she drops things due to decreased grip strength, and that she has difficulty sleeping due to the pain. The ALJ noted in his decision that Clark's friends and sister provided corroborating accounts. Although the ALJ agreed that Clark's wrist and shoulders impairment "could be expected to produce some degree of pain," he recognized that the real issue is not whether she is experiencing pain, but how severe that pain is and whether it prevents her from performing any kind of work. See Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

According to Dr. Ball, Clark's treating orthopedist since May 1991, she is medically stable and has been able to work since October 1991. See Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir.

4

1992) (according substantial weight to treating physician).  Dr. Ball also reported that the carpal tunnel releases have improved her grip strength and that she can make a functional grip.  He also stated that she has full cervical spine mobility and that her shoulders are mobile with some discomfort only at the extremes of motion.  The fact that Dr. Ball did not recommend surgery or other treatment for her shoulder condition beyond Advil and Ibuprofen, an over-the-counter drug used for mild to moderate pain, may be used by the ALJ to discount Clark's complaints of pain.  See Haynes, 26 F.3d at 814 (lack of strong pain medication is inconsistent with complaints of disabling pain).  Finally, Clark admitted that these drugs helped to relieve her pain.  See Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993) (conditions that can be reasonably regulated cannot constitute a basis for disability).

In addition, the ALJ found that Clark's own description of her daily activities indicated that she did not suffer disabling pain. He noted that she could perform tasks involving fine manual dexterity, such as buttoning clothes, handling eating utensils, writing, and washing dishes.  Clark also testified that she walks four miles each day, does light housework for two to three hours, attends church occasionally, drives her car as needed, watches television, and takes care of her twenty-month old child.  The ALJ could reasonably conclude from these activities that Clark was not precluded from work at every exertional level.  See Loving v. Dept. of Health and Human Services, 16 F.3d 967, 970 (8th Cir. 1994) (ALJ properly discredited claimant's complaints of disabling pain based on his daily activities of reading, going to church, watching television, driving, and visiting people.)

Contrary to Clark's suggestion, the ALJ determined that Clark could work based on the vocational expert's testimony, and he only used the Medical-Vocational Guidelines as a framework for decisionmaking.  See Reed, 988 F.2d at 816 (an ALJ may not rely exclusively on the guidelines and must consider the vocational

expert's testimony where a claimant's nonexertional impairments limit her ability to perform the full range of work in a specific guidelines category). Dr. Thompson, the VE, testified that if all of Clark's complaints were found to be credible, then she could not perform any job. He also stated in response to a hypothetical question, however, that the jobs of interviewer, receptionist, information clerk, and order clerk were performable by a person of Clark's age, education, and work experience; who was limited to no more than light work; who had some limitation on pushing and pulling; and who could do occasional handling. Given that the ALJ discounted Clark's complaints of pain to some extent, and that the medical evidence supported the physical limitations presented in the hypothetical, the ALJ properly relied on the VE's testimony in finding that Clark could perform jobs that were considered light work. See Davis v. Shalala, 31 F.3d 753, 755-56 (8th Cir. 1994) (an ALJ may rely on the VE's answer to a hypothetical question that sets forth the impairments which the ALJ accepts as true).

In sum, we find that the ALJ properly considered Clark's complaints of disabling pain and the vocational expert's testimony in determining that Clark was not disabled within the meaning of the Social Security Act. There is substantial evidence to support this decision and we therefore affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT