_____

No. 96-1751
_____

Joyce Gwathney, SS #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,*
                                    *
        Appellant,                  *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   Eastern District of Arkansas.
Shirley S. Chater, Commissioner,*
Social Security Administration,     *
                                    *
        Appellee.                   *

_____

             Submitted:  November 21, 1996
                 Filed:  January 14, 1997
_____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and SACHS,[1]
     District Judge.

_____

MAGILL, Circuit Judge.


     Joyce Gwathney appeals the district court's[2] decision to grant
summary judgment and thereby affirm the administrative law judge's (ALJ)
denial of social security disability benefits.  Gwathney challenges the
ALJ's finding of no disability.  Because the record as a whole supports the
ALJ's finding that Gwathney was not disabled, we affirm.

_____

        [1]THE HONORABLE HOWARD F. SACHS, United States District Judge
for the Western District of Missouri, sitting by designation.

        [2]The Honorable H. David Young, United States Magistrate Judge
for the Eastern District of Arkansas, presiding by consent of the
parties pursuant to 28 U.S.C. § 636(c) (1994).

Gwathney filed for social security disability benefits on October 5, 1990. She claimed to be disabled since May 15, 1987, because of a poorly healed arm fracture which gave her throbbing pain, particularly when she attempted to lift heavy objects. Gwathney later claimed that she suffered from a variety of conditions that caused severe impairment, including obesity, hypertension, arthritis, gastritis, dermatitis, depression, and mental retardation. Gwathney's initial application for benefits was denied, as was her petition for reconsideration. Following proceedings before an ALJ, a social security administrative appeals council, and the district court, her case was remanded for further fact finding.

Upon remand, the ALJ considered evidence that Gwathney, who was born in 1950 and who has an eleventh grade education, had a verbal IQ of 69, a performance IQ of 68, and a full-scale IQ of 67. In addition, the ALJ considered Gwathney's subjective accounts of pain and hypertension.

The ALJ was also presented with evidence that Gwathney successfully participated in a wide variety of activities, including housework, cooking, shopping, attending GED classes, and preparing for and teaching Sunday school classes. Gwathney testified that, for a time after she had applied for social security disability benefits, she had had a part-time job stocking groceries at a convenience store.

Additional evidence indicated that Gwathney had never followed a regular regime of medical treatment for her physical complaints. Gwathney did not report taking any prescription medication for her pain, and although her hypertension and gastritis could have been managed by the conservative use of medication, she never pursued a regular course of medication for these conditions. Finally, there

was no evidence that Gwathney had ever sought treatment for her mental health concerns, which included being prone to various behavioral tics and having dependent personality disorder.

Upon considering this evidence, the ALJ found that Gwathney did not suffer from a severe physical or mental impairment and accordingly was not disabled under the Social Security Administration's regulations. Because Gwathney did not meet the regulatory definition of disabled, the ALJ found that she was not entitled to social security disability benefits. The Social Security Administration Appeals Council and the district court affirmed the ALJ's decision, and Gwathney now brings this appeal, arguing that the ALJ's conclusion was not supported by substantial evidence.

## II.

In considering whether a claimant has properly been denied social security disability benefits, we must determine "whether there is substantial evidence based on the entire record to support the ALJ's factual findings, and whether his decision was based on legal error." Clark v. Chater, 75 F.3d 414, 416 (8th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotation omitted). "We must consider both evidence that supports and evidence that detracts from the Secretary's decision, but we may not reverse merely because substantial evidence exists for the opposite decision." Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996). The ALJ may discount subjective complaints of physical and mental health problems that are inconsistent with medical reports, daily activities, and other such evidence. See Haynes v. Shalala, 26 F.3d 812, 814-15 (8th Cir. 1994).

A person is entitled to social security disability benefits only if he or she meets the threshold requirement of having a

disability.  See 20 C.F.R. § 404.1501 (1996).  To be disabled, a claimant must have a severe impairment.  20 C.F.R. § 404.1520(a) (1996).  To qualify as severe, an impairment must "significantly limit [a claimant's] physical or mental ability to do basic work activities," 20 C.F.R. § 404.1521(a) (1996), which are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b) (1996).

In this case, there was substantial evidence to support the ALJ's finding that Gwathney was not significantly limited by either her physical or mental impairments.  Gwathney was able to perform such physically demanding tasks as housework and employment requiring shelf-stacking, contradicting her claim that she was unable to perform basic work activities.  Cf. Roe v. Chater, 92 F.3d 672, 677 (8th Cir. 1996) ("More telling than a chronicle of [the claimant's] various ailments are his actual activities, which are incongruous with his contention that he cannot work.").  Furthermore, and despite her low IQ, Gwathney was able to engage in such intellectually challenging tasks as studying for her GED and conducting Sunday school classes.  Cf. Loving v. Department of Health & Human Servs., 16 F.3d 967, 971 (8th Cir. 1994) (rejecting psychologist's conclusion that claimant was a functional illiterate where the conclusion of functional illiteracy was contradicted by the claimant's own testimony about his reading activities).

Finally, Gwathney's failure to seek medical assistance for her alleged physical and mental impairments contradicts her subjective complaints of disabling conditions and supports the ALJ's decision to deny benefits.  Cf. Ostronski v. Chater, 94 F.3d 413, 419 (8th Cir. 1996) ("[Claimant's] complaints of disabling pain and functional limitations are inconsistent with her failure to take prescriptive pain medication or to seek regular medical treatment for her symptoms."); Haynes, 26 F.3d at 814 ("A lack of strong pain medication is inconsistent with subjective complaints of disabling pain.").

**III.**

For the reasons discussed above, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.