_____

No. 96-2614
_____

Debbie A. Johnson,                        *
                                          *
            Appellant,                    *
                                          *   Appeal from the United States
     v.                                   *   District Court for the
                                          *   Southern District of Iowa.
Shirley S. Chater, Commissioner           *
of the Social Security                    *
Administration,                           *
                                          *
            Appellee.                     *

_____

Submitted:  December 13, 1996

Filed:  March 6, 1997
_____

Before McMILLIAN and MAGILL, Circuit Judges, and WEBBER,[1] District Judge.

_____

MAGILL, Circuit Judge.

     Debbie Johnson appeals the denial of Social Security Disability
Insurance and Supplemental Security Income benefits.  The Social Security
Commissioner (Commissioner) denied Johnson benefits after determining that,
although Johnson could not return to her former work, she could perform
jobs that existed in significant numbers in the national economy.
Johnson's sole claim on appeal is that the vocational expert's testimony
is insufficient to meet the Commissioner's burden of proof.  We disagree
and affirm.

_____

     [1]THE HONORABLE E. RICHARD WEBBER, United States District Judge
for the Eastern District of Missouri, sitting by designation.

Johnson claims to be disabled because of a back injury she suffered in a car accident in January 1992. She applied for disability benefits on July 26, 1993. The Commissioner denied her initial request for benefits and again denied her request for benefits on reconsideration. Johnson appealed the denial to an administrative law judge (ALJ). After holding a hearing, the ALJ denied Johnson's request for disability benefits. Johnson appealed the ALJ's decision to an administrative appeals council, which also denied Johnson's request for disability benefits. Johnson then sought judicial review of the council's denial of benefits in district court.[2] The district court affirmed the decision of the Commissioner to deny benefits. Johnson now appeals the district court's decision.

Johnson is thirty-six years old and has had severe back problems ever since she was involved in a car accident in January 1992. She has two herniated disks, and alleges obesity, headaches, and dizziness as further causes of severe impairment. She has been examined by a variety of physicians who have come to a variety of different conclusions about her medical condition. None of the physicians, however, has advised her to stop working. At least one physician has concluded that Johnson should not lift anything above thirty pounds. Johnson's own remarks to her treating physicians about her headaches and dizziness are inconsistent. She has stated that her headaches and dizziness are severe enough to require missing work two days a week, but she has also denied having headaches and dizziness. The ALJ found that Johnson held a job as a telemarketer after her alleged onset of disability date, but that she quit the job because of a pay cut.

---

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

Johnson is a single parent who lives with her eleven-year-old daughter in a two-story duplex. She has stated that, although her daughter normally washes the dishes, she does light housekeeping and the cooking. In addition, Johnson drives her daughter to and from school and drives to and from work and church. This amounts to about thirty miles of driving each week.

According to the ALJ, Johnson's impairments or combination of impairments do not meet or equal the criteria of any impairment listed in the Social Security Regulation's Listing of Impairments. See 20 C.F.R. § 404, Subpt. P, App. 1. Johnson takes no medication for her lower back pain, although she describes the pain as persistent. Johnson has not sought medical treatment since October 1993. She has never been treated for her alleged headaches and dizziness.

Although the ALJ determined that Johnson could not return to her past relevant work, the ALJ also found that Johnson is capable of performing jobs that "exist[] in significant numbers in the national economy . . . . Examples of such jobs are: addresser, document preparer, and telemarketer." ALJ Op. at 13, Finding No. 11. In support of this finding, the ALJ noted that the vocational expert said that Johnson could perform sedentary, unskilled labor like that of an addresser or a document preparer, of which "there are 200 positions in Iowa and 10,000 positions nationwide." ALJ Op. at 10. The ALJ specifically noted that the vocational expert had stated that these figures were "just a representative sampling of a larger number of jobs the claimant was capable of doing," including telemarketing, a job in which the claimant was employed at the time of the hearing. Id. (emphasis added).

Based on the ALJ's findings that Johnson is able to perform jobs that exist in significant numbers in the national economy, the Commissioner denied Johnson's request for disability benefits. On appeal, Johnson maintains that there do not exist in "significant

numbers" jobs that she is capable of performing and, as a result, the Commissioner did not meet her burden of proof to show that Johnson is not disabled under the Social Security Act.

## II.

When reviewing the Commissioner's decision to deny benefits to a claimant, this Court must determine "whether there is substantial evidence based on the entire record to support the ALJ's factual findings, and whether his decision was based on legal error." Clark v. Chater, 75 F.3d 414, 416 (8th Cir. 1996); see also 42 U.S.C. § 405(g) (1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Clark, 75 F.3d at 416 (quotations and citation omitted). This Court must consider "both evidence that supports and evidence that detracts from the Secretary's decision, but we may not reverse merely because substantial evidence exists for the opposite decision." Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996). The ALJ may discount subjective complaints that are inconsistent with medical reports, daily activities, and other evidence. See Haynes v. Shalala, 26 F.3d 812, 814-15 (8th Cir. 1994).

The ALJ found that Johnson could not return to her past relevant work. As a result, the burden shifted to the Commissioner to prove that Johnson is not disabled under the Social Security Act. See Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993) ("Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Secretary to prove that the claimant can perform work."); Evans v. Shalala, 21 F.3d 832, 835 (8th Cir. 1994). The burden was on the Commissioner to demonstrate that there are other jobs available in the national economy that Johnson can perform. See Evans, 21 F.3d at 835; see also 42 U.S.C. § 423(d)(2)(A) (1994); 20 C.F.R. § 404.1560, § 404.1561 (1996).

One way in which the Commissioner can meet the burden of proof necessary to show that a claimant who suffers from nonexertional pain is not disabled under the Social Security Act is through the testimony of a vocational expert. Evans, 21 F.3d at 835. Hypothetical questions posed to the vocational expert "need only include those impairments that the ALJ accepts as true." Haynes, 26 F.3d at 815; see also House v. Shalala, 34 F.3d 691, 694 (8th Cir. 1994).

To decide whether work exists in significant numbers, this Circuit has adopted the standards set forth in Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988). See Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988) (adopting Hall). After discussing certain factors that a judge might consider in making this determination, such as the reliability of the claimant's and the vocational expert's testimony, the Hall court stated that "[t]he decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." Jenkins, 861 F.2d at 1087 (quoting Hall, 837 F.2d at 275).

Here, the Commissioner met her burden of showing that Johnson is not disabled because the vocational expert's testimony was sufficient to show that there exist a significant number of jobs in the economy that Johnson can perform. The vocational expert testified that a person like Johnson could perform sedentary, unskilled labor. The vocational expert noted that the addresser and document preparer jobs were sedentary, unskilled labor that Johnson could perform, and that there existed 200 jobs of addresser or document preparer in Iowa and 10,000 in the national economy. The vocational expert further testified that these figures were merely representative of a larger category of jobs that Johnson could perform, including telemarketing. The vocational expert did not give figures to describe the total number of unskilled, sedentary jobs in Iowa or the national economy. However, at the

-5-

time of the hearing before the ALJ, Johnson was engaged in one of the sedentary jobs that the vocational expert said she was capable of performing, telemarketing.[3]

Finally, the Commissioner's decision to deny Johnson disability benefits is bolstered by the fact that Johnson received unemployment compensation during the time she claims to have been disabled.  This Court has noted that "[a] claimant may admit an ability to work by applying for unemployment compensation benefits because such an applicant must hold himself out as available, willing and able to work."  Jernigan v. Sullivan, 948 F.2d 1070, 1074 (8th Cir. 1991); see also Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir. 1994).  Applying for unemployment benefits "may be some evidence, though not conclusive, to negate" a claim of disability.  Jernigan, 948 F.2d at 1074.

## III.

Because the Commissioner's decision to deny benefits was supported by substantial evidence, we affirm.

---

[3]Johnson relies on several district court cases to attempt to bolster her contention that 200 jobs in Iowa is not a significant number of jobs and that the Commissioner consequently failed to show that Johnson is not disabled.  See, e.g., Jimenez v. Shalala, 879 F. Supp. 1069, 1076 (D. Colo. 1995) (holding that "200-250 jobs spread across Colorado is not significant"); Waters v. Secretary, 827 F. Supp. 446, 449 (W.D. Mich. 1992) (holding that 1000 jobs in Michigan, all of which would require at least 180 miles of travel to get to them, is not a significant number).  These cases are unpersuasive, however, particularly in light of the overall record before this Court.  The cases Johnson cites are all fact-intensive, and none stand for the proposition that 200 jobs in Iowa is not a significant number.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.