**Annie P. ALLEN, o/b/o Roger L. Landis (Deceased), Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security Defendant.**

No. 98–0040–CV–W–2–SSA.

United States District Court,
W.D. Missouri,
Western Division.

March 2, 1999.

---

Harvey L. McCormick, Kansas City, MO, for Annie P. Allen, Roger L. Landis, plaintiff.

James C. Bohling U.S. Attorney's Office, Kansas City, MO, for Kenneth S. Apfel, defendant.

## ORDER

GAITAN, District Judge.

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* and Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, in which plaintiff Annie P. Allen seeks review of the Commissioner's decision denying her application for a period of disability, for disability insurance benefits, and for supplemental security income on behalf of her deceased son, Roger L. Landis. Plaintiff's claims were denied initially and on reconsideration. Tr. 66, 79, 71, 91. On March 28, 1997, following a hearing, an administrative law judge (ALJ) found that plaintiff was not under a "disability" as defined in the Social Security Act. Tr. 18–20. The Appeals Council of the Social Security Administration denied plaintiff's request for review. Tr. 2–3. Thus, the decision of the ALJ now stands as the final decision of the Commissioner. Plaintiff's appeal is before the Court on plaintiff's motion for judgment. The facts and arguments are presented in the parties' briefs and will not be repeated here.

## I. Standard for Judicial Review

Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g)(1994) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. *Siemers v. Shalala,* 47 F.3d 299, 301 (8th Cir.1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. *Fountain v. Railroad Retirement Bd.,* 88 F.3d 528, 530 (8th Cir.1996). However, the court's role is not to reweigh the evidence or try the issues de novo. *Craig v. Chater,* 943 F.Supp. 1184, 1188 (W.D.Mo.1996) (citing *McClees v. Shalala,* 2 F.3d 301, 302 (8th Cir.1993)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

Substantial evidence is more than a mere scintilla but less than a preponderance. It means such evidence that a reasonable mind would accept as adequate to

support a conclusion. *Johnson v. Chater*, 108 F.3d 178, 179 (8th Cir.1997) (citations omitted). The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir.1988). "[A]n administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.*, Hence, " 'if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the decision.' " *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir.1996) (quoting *Oberst v. Shalala*, 2 F.3d 249, 250 (8th Cir.1993)).

## II. Burden of Proof

■ An individual claiming disability benefits has the burden of proving that he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). If the claimant succeeds, the burden of persuasion shifts to the Commissioner to establish that plaintiff can perform some other type of substantial gainful employment in the national economy. *Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir.1994).

If plaintiff is capable of shifting the burden, the Commissioner then uses the regulations promulgated by the Social Security Administration, which set out a sequential evaluation process for determining whether a claimant is disabled. The five-step sequential evaluation process used by the Commissioner is outlined in 20 C.F.R. § 404.1520. It requires the ALJ to review (1) a claimant's current work activity; (2) the severity of claimant's impairment(s); (3) whether or not claimant's impairment(s) meets or equals any listings set out in Appendix 1 to Subpart P, Regulations No. 4; (4) whether claimant's residual functional capacity allows him or her to return to his or her past relevant work;

and if not, (5) whether claimant's residual functional capacity, together with his or her age, education, and work experience, prevent him or her from doing any other work.

## III. Analysis

■ Plaintiff's only argument on appeal is that her son met the definition of disability under 42 U.S.C. § 423(d)(1)(A) because he died from the impairment upon which he claimed disability. This statute provides:

(1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

Plaintiff argues that the word "which" in the above subsection is intended to modify "impairment" rather than "inability." Plaintiff, however, fails to coherently describe the reason why such a construction establishes that her son was disabled under the Act. The best that can be gathered from her brief is that if a wage earner dies from a stated impairment, then the wage earner was disabled.

The question of whether "which" modifies "impairment" or "inability" is irrelevant to the issue before this Court. Plaintiff's position completely ignores the fact that disability under either the "expected to result in death" or "expected to last … 12 months" standard still requires an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." Furthermore, 42 U.S.C. § 423(d)(1)(A) is supplemented by (d)(2), which reads:

For purposes of paragraph (1)(A)—

(A) An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education,

and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

There exists substantial evidence in the record to support the ALJ's finding that plaintiff's son was able to perform his past relevant work with his vocational profile and his residual functional capacity. Plaintiff has not challenged these findings. Therefore, regardless of whether the deceased's impairment was expected to result in death or was expected to last at least twelve months, the impairment was not of such severity that he was unable to continue his previous work up until the time of his death.

## IV. Conclusion

For the foregoing reasons, the Court finds that the ALJ properly denied plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. Accordingly, it is hereby **ORDERED** that the decision of the Commissioner is **AFFIRMED,** and plaintiff's motion for judgment (Doc. # 5) is **DENIED.**