# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2819

_____

| | | |
|---|---|---|
| Arthur W. Brooks, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kenneth S. Apfel, Commissioner, | * | Western District of Arkansas. |
| Social Security Administration, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: February 7, 2001
Filed: March 6, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Arthur Brooks appeals the district court's[1] order affirming the Commissioner's decision to deny disability insurance benefits (DIB).

Brooks applied for DIB in February 1997, alleging disability since March 1980 from back and leg pain. After a hearing (at which Brooks was represented by counsel),

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

the administrative law judge (ALJ) found Brooks not disabled because he could perform his past relevant work (PRW) until at least December 31, 1985, the last day he qualified for DIB. Brooks submitted some additional documents to the Appeals Council, which declined to review the matter further. We evaluate the ALJ's decision to determine whether it is supported by substantial evidence on the record as a whole, that is, whether there exists relevant evidence that a reasonable person might accept as adequate to support the conclusion. Ingram v. Chater, 107 F.3d 598, 600 (8th Cir. 1997). And when--as here--the Appeals Council denies review on the basis that the new evidence does not detract from the ALJ's conclusion, we evaluate whether the record as a whole, including the new evidence, supports the ALJ's conclusion. Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000).

We reject Brooks's contention that specific sections of the Commissioner's Programs Operations Manual Systems establish his disability: the manual is not legally binding on the Commissioner, Berger v. Apfel, 200 F.3d 1157, 1161 (8th Cir. 2000), and the cited sections merely set forth the requirements of sedentary work and do not apply to this case. We find no basis to disturb the ALJ's conclusion that Brooks did not meet or equal any impairment listed at 20 C.F.R. Part 404, Subpart P, App. 1 (2000)--including section 11.04(B), which requires "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station." We believe the ALJ properly assessed the credibility of Brooks and his wife under Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and properly rejected their testimony of disabling pain as inconsistent with Brooks's failure to seek medical attention, see Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (failure to seek medical treatment may be inconsistent with disability), and his disdain for pain medication, see Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994) (lack of strong pain medication was inconsistent with disabling pain), during the relevant period. Further, we find that the ALJ correctly considered Brooks's mental condition in making his findings. See Jones v. Callahan, 122 F.3d 1148, 1153 (8th Cir. 1997) (ALJ properly concluded claimant did not have

severe mental impairment, where claimant was not undergoing regular mental-health treatment or regularly taking psychiatric medications, and where his daily activities were not restricted from emotional causes).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-