# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3211

_____

Norville L. Priest,           *
          *
             Appellant,           *
          *    Appeal from the United States
         v.                  *    District Court for the Eastern
          *    District of Missouri.
Kenneth S. Apfel, Commissioner,    *
Social Security Administration,      *       [UNPUBLISHED]
          *
             Appellee.            *

_____

Submitted: April 13, 2001

Filed: June 27, 2001

_____

Before BYE and BEAM, Circuit Judges and NANGLE,[1] District Judge.

_____

PER CURIAM.

Norville Priest appeals the denial of his claim for disability benefits and supplemental security income benefits under the Social Security Act. Priest claims that the Administrative Law Judge (ALJ) made improper credibility assessments against him

---

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

and that the ALJ asked an improper hypothetical question of the vocational expert. We affirm.[2]

Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence. Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997). After reviewing the record as a whole, it is clear that the ALJ's decision to discredit Priest's subjective claims of pain and disability are supported by substantial evidence and that the hypothetical question put to the vocational expert was proper.

We pause only to clarify one aspect of the ALJ's decision. Citing Ostronski v. Chater, 94 F.3d 413 (8th Cir. 1996), the ALJ correctly noted that a claimant's apparent lack of motivation to work can be an appropriate basis to discredit his complaints. Id. at 419. However, in his decision the ALJ's only stated reason for concluding Priest had minimal motivation for work was the record of Priest's annual income. The ALJ noted, "his annual earnings have never exceeded $17,000 per year and for most years they were under $10,000. He had zero earnings in 1991 and 1992. With such earnings the claimant would have minimal motivation to work."

It is improper to infer lack of motivation to work based solely on a review of a claimant's earnings records. This is especially true where the range of salaries cited by the ALJ is above what a minimum wage earner working forty hours a week, fifty-two weeks a year would earn annually.[3] When examining subjective claims of pain or other

---

[2]The Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri.

[3]A closer examination of the record reveals that Priest's annual income over the past nineteen years breaks down as follows: for nine years he earned above minimum wage full-time pay; for one year his income was equal to that amount; for five years his income was approximately two-thirds that amount; for two years, during which time he claims he was caring for his parents, he had no income; and for two years he had reported income of less than $2,000.

symptoms, it is appropriate for the Commissioner–in the course of giving full consideration to all evidence relating to subjective complaints–to consider a claimant's inconsistent work history and/or apparent lack of motivation for work. See <u>See</u> <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984). However, there are too many variables affecting a claimant's annual income–such as hourly wages, availability of jobs in claimant's area, or family care and other competing obligations–to allow inferences about worker motivation (or an inconsistent work record) without additional information. The ALJ may have considered such factors in addition to the annual income amounts when determining claimant possessed minimal motivation to work and there may even have been additional evidence in the record to support such a conclusion, but the written opinion gives no indication that such was the case.

Even discounting this aspect of the ALJ's opinion, however, substantial evidence supports the ALJ's conclusion that Priest's subjective claims of disabling pain lacked credibility. Therefore, we affirm on the basis of the magistrate judge's extensive opinion. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-