**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELICA EVANS, | No. 14-56480 |
| Plaintiff - Appellant, | D.C. No. 5:13-cv-01500-RZ |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Ralph Zarefsky, Magistrate Judge, Presiding

Submitted June 9, 2016[**]
Pasadena, California

Before: RAWLINSON, and BEA, Circuit Judges, and EATON,[***] Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     Richard K. Eaton, Judge for the United States Court of International Trade, sitting by designation.

Angelica Evans appeals the district court's decision affirming the Commissioner of Social Security's denial of her application for disability insurance under Title II of the Social Security Act. We affirm.

Evans challenges whether the number of jobs available in the regional economy which the administrative law judge ("ALJ") found Evans could perform at step five of the sequential disability determination constituted a "significant number." The ALJ's determination that 600 regional jobs constituted a significant number is supported by caselaw within this and other circuits. For instance, *Barker v. Secretary of Health and Human Services*, 882 F.2d 1474, 1478-79 (9th Cir. 1989), cited with approval cases that held 600 regional jobs or fewer constituted a significant number. Specifically, *Barker* cited with approval *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (500 regional jobs constituted a significant number), *Salazar v. Califano*, Unemp.Ins.Rep. (CCH, para. 15,835) (E.D. Cal. 1978) (unpublished) (600 jobs constituted a significant number), and *Uravitch v. Heckler*, No. CIV 84-1619, 1986 WL 83443, at *1 (D. Ariz. May 2, 1986) (unpublished) ("even though 60-70% of 500-600 relevant positions required experience plaintiff did not have, remaining positions constitute significant

number"[1]).  Moreover, *Gutierrez v. Commissioner of Social Security*, 740 F.3d 519, 528 (9th Cir. 2014), cited with approval *Johnson v. Chater*, 108 F.3d 178, 180-81 (8th Cir. 1997) (200 jobs in Iowa represented a significant number), *Trimiar v. Sullivan*, 966 F.2d 1326, 1330-32 (10th Cir. 1992) (650 to 900 jobs in Oklahoma constituted a significant number), and *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (1,600 jobs in Georgia constituted a significant number). Here, the ALJ's determination that 600 regional jobs constituted a significant number is consistent with these cases.

**AFFIRMED.**

---

[1]This quotation is taken from *Barker*.  882 F.2d at 1479.  *Barker* cites *Uravitch* incorrectly.  *Uravitch* holds that even though *60-75%* of 500-600 relevant positions required experience plaintiff did not have, the remaining positions constituted a significant number.  *Uravitch*, 1986 WL 83443 at *1.  This does not impact the analysis here.