**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1677
_____

COLT RUSSELL LAMOUREUX,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-20-cv-00665)
Magistrate Judge: Honorable Martin C. Carlson
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
December 7, 2021
_____

Before: SHWARTZ, PORTER, and FISHER,
*Circuit Judges*.

(Filed: December 10, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

PORTER, *Circuit Judge*.

Colt Russell Lamoureux asks us to vacate and remand the Commissioner of Social Security's order concluding he is not entitled to disability benefits under the Social Security Act. He brought his case before the District Court without success and now appeals. He raises several legal and evidentiary challenges, but none have merit. So we will affirm the District Court.

I

Lamoureux injured his hips and back during a training exercise while serving in the U.S. Army. His injury restricts his mobility and makes him unable to perform his prior work.

Claiming that he was disabled, Lamoureux sought disability benefits under Title II of the Social Security Act. 42 U.S.C. § 423(a)(1). The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." *Id.* § 423(d)(1)(A). The Act, as amended in 1967, provides that the impairment must be "of such severity that" the applicant:

> [I]s not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

*Id.* § 423(d)(2)(A); *see also* 20 C.F.R. § 416.960(c)(1).

The Administrative Law Judge ("ALJ") who heard Lamoureux's claim concluded that despite his impairments, Lamoureux had the capacity to perform some sedentary work that involves limited physical activity. An impartial vocational expert appointed by the ALJ then testified that given his limitations, Lamoureux could perform work that exists in the national economy, including the jobs of table worker (8,766 U.S. jobs), bond semiconductor (4,535 U.S. jobs), and security systems monitor (22,604 jobs). Relying on this testimony, the ALJ concluded Lamoureux could still perform work that exists in the national economy and so was not disabled.

Lamoureux sought review from the Appeals Council, an administrative body that reviews ALJ decisions. *Smith v. Berryhill*, 139 S. Ct. 1765, 1772–73 (2019). The Council declined to review the decision, so the ALJ's decision become the final decision of the Commissioner of Social Security. *Id.* Lamoureux then sued in federal court, but the District Court affirmed the Commissioner's decision. This appeal followed.

II

We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 42 U.S.C. § 405(g).

We review questions of law de novo. *Sanfilippo v. Barnhart*, 325 F.3d 391, 393 (3d Cir. 2003). We review the Commissioner's findings of fact for "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is a deferential standard. *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). It requires only "evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation marks omitted). In reviewing for substantial evidence, we

3

"are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002).

## III

## A

Lamoureux first argues that the Commissioner's finding that Lamoureux could still perform work which exists in the national economy must be set aside as a matter of law because the Commissioner relied solely on national-level data. The Commissioner has a legal duty, Lamoureux says, to introduce regional-level data showing enough jobs exist in several regions or the region where the applicant lives. Lamoureux infers this requirement from the definition of "work which exists in the national economy" as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 404.1566(a)–(b) (same).

We disagree. Neither the statute nor the rules establish specific evidentiary requirements, and their text does not support Lamoureux's inference that regional-level data is required in every disability proceeding. The first sentence of section 423(d)(2)(A) provides that so long as an applicant can perform "any other kind of substantial, gainful work which exists in the national economy," the applicant is not disabled. 42 U.S.C. § 423(d)(2)(A). "Any other kind" of work is qualitative, not quantitative. Read in context, the second sentence modifies the qualitative test by prohibiting reliance on jobs that exist "only in very limited numbers" or in such few far-flung locations that the jobs cannot be considered "work which exists in the national economy." *Id.*; 20 C.F.R. § 404.1566(b).

4

Nothing in this modest limit compels the Commissioner to introduce regional-level job data in every disability proceeding as a matter of law.

The sole question then is whether national data alone is "substantial evidence." The ALJ elicited adequate testimony by the vocational expert to find that jobs existed in the national economy that were appropriate for Lamoureux. When presented with a hypothetical individual of the Lamoureux's age, education, past work experience, and limitations, the vocational expert testified that such a person would be unable to do any of the claimant's past work. The vocational expert then identified nearly 36,000 jobs in the national economy that would be available for someone with Lamoureux's functional capacity. In ruling that Lamoureux was not disabled because he could make a successful adjustment to other work existing in significant numbers in the national economy, the ALJ indicated that the conclusion was reached "[b]ased on the testimony of the vocational expert." App. 47. The logical conclusion, then, is that the ALJ, hearing the vocational expert's testimony about the number of jobs available in the national economy, found that those jobs constituted work existing in significant numbers in the national economy. In this case, we cannot say no reasonable mind would accept the testimony as probative enough to sustain the Commissioner's burden of proof, as nothing suggests that jobs like security systems monitor are unusually clustered in "relatively few locations" far from the Mid-Atlantic region where Lamoureux lives. 20 C.F.R. § 404.1566(b).

Lamoureux also argues that the number of jobs identified is too trivial in the context of the entire U.S. economy. But an ALJ's factual findings as to what number of

5

jobs amounts to "very limited numbers"—how few jobs is too few to constitute "work which exists in the national economy"—are "conclusive" in judicial review of the benefits decision so long as they are supported by "substantial evidence." *Biestek*, 139 S. Ct. at 1151–52 (citing 42 U.S.C. § 405(g)). We find nothing unreasonable about the Commissioner's conclusion that Lamoureux can perform "work that exist[s] in significant numbers in the national economy" based on nearly 36,000 jobs. App. 47. The ALJ's conclusion that 35,905 available jobs across three positions constituted work existing in significant numbers in the national economy is reasonable and supported by the record. While 20 C.F.R. § 404.1566 does not define "significant numbers," the vocational expert's testimony that nearly 36,000 jobs were available in the national economy supports a finding that work existed in significant numbers. *See Taskila v. Comm'r Soc. Sec.*, 819 F.3d 902, 906 (6th Cir. 2016) (concluding there was no reversible error where substantial evidence supported conclusion that claimant could perform jobs numbering 6,000 nationally); *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (holding that expert testimony that there were 10,000 jobs nationally was sufficient to show a significant number). So we will not disturb the Commissioner's reasonable finding here.

## B

Lamoureux next ups the ante and asks us to hold the phrase "significant numbers" in 20 C.F.R. § 404.1566(a) unconstitutional under the "void for vagueness" doctrine. The rule's use of "significant numbers" parrots 42 U.S.C. § 423(d)(2)(A). So if we held 20 C.F.R. § 404.1566(a) void, we would necessarily be required to hold the definition of

6

disability in 42 U.S.C. § 423(d)(2)(A) void too. We decline to hold this half-century-old statutory definition void.

The void-for-vagueness doctrine has no application to public-assistance provisions like section 423. *Nyeholt v. Sec'y of Veterans Affs.*, 298 F.3d 1350, 1356 (Fed. Cir. 2002); *see also Woodruff v. United States*, 954 F.2d 634, 642 (11th Cir. 1992) (holding that a void-for-vagueness challenge was "wholly without merit" where the provision did not "attempt to guide conduct" but provided an interpretive rule for an agency making benefits determinations). The doctrine is grounded in the need for "fair notice" of a law's prohibitions when the law includes severe sanctions like imprisonment. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018) (plurality opinion); *id.* at 1225 (Gorsuch, J., concurring in part and concurring in the judgment). *Dimaya* is the Supreme Court's latest application of the void-for-vagueness doctrine. There, the Supreme Court applied the doctrine to a criminal statute in a civil alien-removal context. But the plurality did so only because of the severe nature of removal, which it analogized to "banishment or exile." *Dimaya*, 138 S. Ct. at 1213 (quoting *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948)). Justice Gorsuch, concurring, said the doctrine ought to apply to civil proscriptions imposing "similarly severe sanctions" like confiscating a home or stripping someone of a vital business license. *Id.* at 1231. Section 423(d)(2)(A) is not a proscription backed by severe sanctions, so it cannot be void for vagueness. Extending the void-for-vagueness doctrine to public-assistance statutes would divorce the doctrine entirely from the common-law tradition of fair notice that Justice Gorsuch identified as the source of the doctrine's legitimacy. *Id.* at 1225. We decline to take that step.

7

## C

We finally address—and reject—Lamoureux's challenge to the Commissioner's finding that Lamoureux had the physical capacity to perform a limited range of sedentary work. Lamoureux contends that a single work-performance evaluation compels a conclusion that he is not able to work full time. The Commissioner explained that this evaluation was unreliable because it was done a year after the expiration of the relevant dates for disability coverage, it relied on an unexplained methodology, and it was inconsistent with the applicant's "own testimony regarding his wide-range of activities of daily living, including caring for his small children, work on the farm, and hunting and fishing." App 44. Lamoureux says nothing to rebut this. The Commissioner also discussed several other timely and more reliable assessments from state agencies and Veterans Affairs that supported a finding that Lamoureux could perform a limited range of sedentary work during the relevant period. Given all of this, a reasonable mind could find the Commissioner's finding was supported by the evidence.

\* \* \*

The Commissioner's denial of disability benefits was lawful and supported by substantial evidence, so we will affirm the District Court's judgment.